IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                               **Case No. 05-40153-01-RDR**

CARLOS BERNANDINO-MEJIA,

           Defendant.

_____

**O R D E R**

This matter is presently before the court upon defendant's motion to suppress involuntary statement. The court has conducted a hearing on this motion and is now prepared to rule.

The defendant is charged with illegal reentry into the United States by an alien in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The defendant contends that the statements he made on November 21, 2005 to law enforcement officers should be suppressed because they were not made voluntarily. He contends that he agreed to answer questions only because he was told that he would simply be deported and no criminal charges would be brought against him if he made a statement.

*Findings of Fact*

    1. On November 21, 2005 the defendant was in custody on other charges. He was brought to the offices of Immigration and Customs Enforcement (ICE) in Kansas City, Missouri. Erik Teschner, a special agent with ICE, interviewed the defendant. Agent Teschner conducted the entire interview in English with the defendant. He

found the defendant had no difficulty in understanding English.

2. Agent Teschner identified himself to the defendant and asked for some biographical information. After gaining the biographical information, Agent Teschner ran the defendant's name through ICE's computer database. He learned the defendant had previously been deported. Agent Teschner then read the information contained on ICE Form I-263W to the defendant. This information provides as follows:

> I am an officer of the United States Immigration and Naturalization Service authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. I desire to take your sworn statement regarding your prior deportation and subsequent reentry into the United States. Before we ask you any questions, you must understand your rights. Anything you say can be used against you in court, or any Immigration or Administrative proceeding. You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

3. The defendant indicated to Agent Teschner that he understood his rights. Agent Teschner then read the following waiver to the defendant:

> I have read (or have been read) this statement of my rights and I understand what my rights are. I am willing to make statement and answer questions. I do not want a lawyer at this time. I understand what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

4. The defendant then signed the form below the waiver of rights. He then proceeded to answer various questions put to him by Agent Teschner. The defendant had no difficulty in responding to the questions.

5. Agent Teschner made no promises to the defendant before the defendant signed the form. The defendant never asked for any assurances that he would not be prosecuted by the government.

6. During the interview, the defendant was not in handcuffs. The defendant, however, understood that he was in custody.

*Conclusions of Law*

1. The standard for determining whether a statement made to law enforcement officials is involuntary is as follows:

> A statement is involuntary if the government's conduct caused the witness' will to be overborne and his capacity for self-determination critically impaired. In determining whether a statement was freely and voluntarily given, the courts consider the totality of the circumstances. The relevant circumstances embrace both the characteristics of the accused and the details of the interrogation. Relevant factors include the [witness's] age, intelligence, and education, the length of detention and questioning, the use or threat of physical punishment, whether Miranda warnings were given, the accused's physical and mental characteristics, the location of the interrogation, and the conduct of the police officers.

United States v. Gonzales, 164 F.3d 1285, 1289 (10th Cir. 1999) (citations, quotations, alterations omitted).

2. The court finds no support for the defendant's contention that the statements made on November 21, 2005 were involuntary. The totality of the circumstances suggest that the statements made

by the defendant were voluntary.  The defendant was provided with the equivalent of the Miranda warning and he agreed in writing to talk with Agent Teschner.  There was absolutely no evidence of coercion by Agent Teschner prior to the interview or during the interview.  Moreover, no evidence was offered that the defendant was susceptible to coercion because of his age, intelligence or education.  There was also no evidence of any promise made by Agent Teschner prior to the interview or during the interview.  The defendant was never threatened or restrained.

    3.  In sum, there is no question that the defendant acted voluntarily when he made statements on November 21, 2005.  The defendant's motion to suppress shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress involuntary statement (Doc. # 12) be hereby denied.

**IT IS SO ORDERED.**

Dated this 9th day of March, 2006 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge